**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF LOUISIANA**
**ALEXANDRIA DIVISION**

| | |
|---|---|
| **MOHAMED M EL SHAMY** | **CASE NO. 1:26-CV-03220 SEC P** |
| **VERSUS** | **JUDGE TERRY A. DOUGHTY** |
| **BRIAN ACUNA ET AL** | **MAGISTRATE JUDGE HORNSBY** |

**ORDER**

Pending before the Court is a Motion to Dissolve the Temporary Restraining Order ("TRO") [Doc. No. 10] filed by Respondents. Petitioner, Mohamed M. El Shamy ("Petitioner") opposes the Motion and filed a Motion for a Preliminary Injunction [Doc. No. 11].

On August 25, 2026, the Court granted a TRO and issued a stay of Petitioner's removal imposed pending the Court's ruling on the Habeas Petition, based on Respondents' apparent failure to comply with the requirements set forth in 8 C.F.R. § 241.4(l) and the Petitioner's likelihood of imminent removal.[1] On September 22, 2026, Respondents filed a Motion to Dissolve the TRO arguing that it has since expired.[2] The Court agrees.

Fed. R. Civ. P. 65(b)(2) provides a period of fourteen (14) days initially with the ability to extend for a "like period" upon a showing of good cause, or if there is an

[1] [Doc. No. 6].
[2] [Doc. No. 10, p. 2].

agreed upon extension. Accordingly, Respondents' Motion is granted, and the TRO is hereby dissolved.

On September 22, 2026, Petitioner filed a Motion for Preliminary Injunction.[3] Petitioner request that the Court issue an injunction preventing removal "unless and until Petitioner has received a meaningful opportunity to consult counsel and invoke available withholding of removal and CAT procedures."[4] Petitioner bolsters his argument by citing to *D.V.D. v. U.S. Dep't of Homeland Sec.*, No. 26-1212, slip op. at 17–24 (1st Cir. Sept. 18, 2026).[5] Not so.

Petitioner, as an individual subject to a final order of removal who ICE plans to deport to a third country, is a member of the *D.V.D.* class.[6] The *D.V.D.* litigation is sprawling but, in pertinent part, the district court vacated guidance from the Department of Homeland Security ("DHS") released in March 2025 ("the guidance") that outlined a protocol for deportation of those with final orders of removal to third countries. *D.V.D. v. U.S. Dep't of Homeland Sec.*, 778 F. Supp. 3d 355 (D. Mass. 2025). The Supreme Court subsequently stayed the ruling. *U.S. Dep't of Homeland Sec. v. D.V.D.*, 145 S. Ct. 2153 (Mem.) (2025). After intervening litigation, the district court proceeded once more to vacate the guidance, which was partially vacated and partially affirmed in *D.V.D. v. U.S. Dep't of Homeland Sec.*, No. 26-1212, slip op. at 54 (1st Cir. Sept. 18, 2026).

---

[3] [Doc. No. 11].
[4] [Id. at p. 7].
[5] [Id. at p. 4].
[6] [Id. at p. 5].

In the *D.V.D.* litigation, the class seeks precisely the remedy before this Court: a preliminary injunction requiring the Respondents "to provide" "effective notice and a meaningful opportunity to raise any fear-based claim regarding their removal to a third country." *Id.* at 11. Appeals are still pending so, as another Judge of this Court recently stated in a similar case, "this Court should butt out." *Rodel Echavez v. Lyons*, No. 25-CV-1282, 2025 WL 3090769, at *2 (W.D. La. Sep. 22, 2025); *see also Green v. McKaskle*, 770 F.2d 445, 446–47 (5th Cir. 1985) ("[E]quitable claims by members of the [*D.V.D.*] class, which are comparable to those claims litigation and under ongoing review and supervision of the court in the [*D.V.D.*] class action, should not be maintainable as individual causes of action."). Ultimately, Petitioner has failed to "unequivocally show" that he is entitled to a preliminary injunction, an "extraordinary remedy." *Valley v. Rapides Par. Sch. Bd.*, 118 F.3d 1047, 1050 (5th Cir. 1997).

For these reasons,

**IT IS ORDERED** that the Motion to Dissolve Temporary Restraining Order [Doc. No. 10] is hereby **GRANTED,** and the previously filed Order is **DISSOVLED** [Doc. No. 6].

**IT IS FURTHER ORDERED** that the Motion for a Preliminary Injunction [Doc. No. 11] is **DENIED**.

**THUS DONE AND SIGNED** at Monroe, Louisiana, this the 23rd day of September, 2026.

Terry A. Doughty
United States District Judge